CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 4 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| DELORES TORRES,<br>    Plaintiff, | )<br>)<br>)   Civil Action No. 7:07cv00600 |
| v. | )<br>)<br>)   MEMORANDUM OPINION |
| MARGARET BOWLES<br>and<br>MR. JARVIS,<br>    Defendants. | )   AND ORDER<br>)<br>)<br>)   By: James C. Turk<br>)   Senior United States District Judge |

Defendants have moved to dismiss this action, brought under 42 U.S.C. § 1983, for failure to state a claim upon which relief can be granted. For the reasons set forth, Defendants' motion will be granted in part and denied in part.

### I. Statement of the Case

Plaintiff, Delores Torres, was employed by the Bland Correctional Center ("Bland") as a Correctional Institution Rehabilitation Counselor from December 9, 2004, until October 26, 2005, when Defendants allegedly gave her the option to either resign or be terminated. Torres filed the instant case under 42 U.S.C. § 1983, alleging that her former supervisor, Margaret Bowles, and the Bland Warden, Mr. Jarvis, violated the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution[1] when they terminated her employment.

In her complaint, Torres states that she suffers from traumatic brain injury, severe fibromyalgia, and severe depression, and that these impairments cause chronic severe pain and

---

[1] Torres also alleges that Defendants deprived her of her First Amendment liberty right when they terminated her employment. The First Amendment, however, is not the source of the Due Process liberty right. Accordingly, Torres's First Amendment claim is dismissed.

fatigue which limit all of her major life functions, including her ability to drive for prolonged periods of time. She states that Bowles was aware of her disabilities and limitations.

Torres alleges that Defendants' decision to terminate her employment was based on her disabilities, rather than her job performance. Accordingly, she alleges that Defendants deprived her of both her liberty right under the Due Process Clause of the Fourteenth Amendment, and her right to equal protection under the law, in violation of the Fourteenth Amendment. Defendants contend that Torres's complaint must be dismissed because it fails to state a claim upon which relief can be granted.

## II. Standard of Review

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. It does not resolve disputes surrounding the facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. Analysis

Torres first claims that Defendants deprived her of her liberty right to engage in and pursue the career of her choosing, in violation of the Fourteenth Amendment. Included within the liberty interest guaranteed by the Due Process Clause of the Fourteenth Amendment is the right of the individual to follow a chosen trade, profession, or other calling. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 572 (1972); Dent v. State of W.V., 129 U.S. 114 (1889). If a state excludes a person from a trade or calling, it is depriving him of liberty, which it may not do without due process of law. See e.g., Roth, 408 U.S. at 573 (stating that notice and an opportunity to be heard are essential where the State, in declining to rehire an employee, places the employee's good name, reputation, honor, or integrity at stake).

In this case, Torres does not allege that Defendants, by terminating her employment, foreclosed her freedom to take advantage of other employment opportunities. Rather, she alleges that Defendants' act of terminating her employment, standing alone, deprived her of her liberty interest to pursue and engage in the career of her choosing. This allegation is not sufficient to establish a claim, for "[i]t stretches the concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another." Id. at 575 (citing Cafeteria & Rest. Workers v. McElroy, 367 U.S. 886, 895-96 (1961). Accordingly, Torres's Due Process claim will be dismissed.

Torres next alleges that Defendants terminated her employment because of her disabilities, in violation of the Equal Protection Clause of the Fourteenth Amendment. The Supreme Court has held that the disabled are not a suspect or quasi-suspect class entitled to special protection under the Equal Protection Clause. Thus, state action affecting disabled

3

Case 7:07-cv-00600-JCT   Document 17   Filed 06/04/08   Page 3 of 5   Pageid#: 42

individuals is subject only to rational basis review. See City of Cleburne v. Cleburne Living Ctr. Inc., 473 U.S. 432, 442-47 (1985) (concluding that mentally disabled individuals are not a suspect or quasi-suspect class); Brown v. N.C. Div. of Motor Vehicles, 166 F.3d 698, 706 (4th Cir. 1999) (extending Cleburne to all disabled individuals). Under this standard, in order to establish a violation of the Equal Protection Clause based on disability discrimination, Torres must allege that: 1) Defendants treated her differently than they treated non-disabled employees, and 2) there was no rational relationship between the disparity of treatment and some legitimate governmental purpose. Wessel v. Glendening, 306 F.3d 203, 210 (4th Cir. 2002) (overruled on other grounds by Tenn. v. Lane, 541 U.S. 509). See also Bd. of Trustees of Ala. v. Garrett, 531 U.S. 356, 367 (2001) ("States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational.").

In this case, Torres alleges that Defendants treated her differently than non-disabled employees in that they terminated her employment because of her disabilities, rather than her job performance. To support this allegation, she contends that the performance evaluation criticisms she received from Defendants were each directly related to her disabilities. Torres also alleges that there was no rational basis for her termination because she was "a very good employee, could perform all the essential elements of her position and employment, and had no disciplinary problems prior to termination." Viewing the facts in a light most favorable to Torres, the court finds that her complaint contains enough facts to create an Equal Protection claim that is plausible on its face. Accordingly, Defendants' motion to dismiss Torres's Equal Protection claim is denied.

## IV.

For the foregoing reasons, it is hereby

**ORDERED**

that Defendants' Motion to Dismiss shall be **GRANTED** as to Plaintiff's Due Process claim and **DENIED** as to Plaintiff's Equal Protection Claim.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

ENTER: This 4th day of June, 2008.

Hon. James C. Turk
Senior United States District Judge