CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 17 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DOLORES TORRES, ) | |
|     Plaintiff, ) | Civil Action No. 7:07cv00600 |
| ) | |
| v. ) | |
| ) | |
| MARGARET BOWLES ) | |
| and ) | By: James C. Turk |
| MR. JARVIS, ) | Senior United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION AND FINAL ORDER

This case is before the court pursuant to defendants' Renewed Motion to Dismiss the Complaint. For the following reasons, the court will grant defendants' motion.

On December 26, 2007, Torres filed suit against defendants Margaret Bowles, Torres's former supervisor, and Mr. Jarvis, the Warden of Bland Correctional Center ("Bland"), alleging that their decision to terminate her employment at Bland was based on her disabilities, rather than her job performance. Accordingly, Torres alleged that defendants violated both her liberty and equal protection rights, in violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment. On June 4, 2008, the court dismissed plaintiff's Due Process claim, but denied defendants' motion to dismiss plaintiff's Equal Protection claim, finding that plaintiff's complaint sufficiently alleged an Equal Protection Claim.

Defendants filed a Renewed Motion to Dismiss the Complaint on June 23, 2008, in light of the Supreme Court's recent ruling in Engquist v. Or. Dep't. of Agric., 128 S.Ct. 2146 (2008). In Engquist, the petitioner brought a "class of one" claim against the defendants, alleging that she was fired not because she was a member of an identified class, but for "arbitrary, vindictive, and malicious reasons." Id. at 2149. The Court noted that the "class of one theory of equal

protection–which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review–is simply a poor fit in the public context." Id. at 2155. The Court rationalized that "government agencies are charged by law with doing particular tasks and hire employees who can perform those tasks as effectively and efficiently as possible," id. at 2151, and thus, "allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that . . . state officials are entrusted to exercise." Id. at 2154. Accordingly, the Court held that "the class of one theory of equal protection has no application in the public employment context." Id. at 2156.

In this case, Torres does not allege that her employment was terminated based on her membership in a protected class, nor does she allege that she was a member of a distinct group of individuals treated categorically differently by defendants. Rather, Torres alleges a class-of-one theory of discrimination in which she asserts that she was discharged from her employment for an improper, namely, because of her disabilities. The court finds that under Engquist, Torres, an at-will government employee, cannot raise a class of one claim under the Equal Protection Clause. Accordingly, her complaint must be dismissed.

For the foregoing reasons, it is hereby

**ORDERED**

that defendants' Renewed Motion to Dismiss Complaint be **GRANTED**, plaintiff's complaint be **DISMISSED**, and the case be removed from the active docket of the court.

ENTER: This 17th day of July, 2008.

Honorable James C. Turk
Senior United States District Judge